UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GUY WALLACE and BRENDA WALLACE, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:  2:05-CV-25-PRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant United States [sic] Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 9], filed by the Defendant on March 2, 2005.  As set forth below, the Court grants the motion to dismiss.

**PROCEDURAL BACKGROUND**

On September 13, 2004, Brenda Wallace filed a Claim for Damage, Injury or Death on Form # 1105-0008 with the United States Postal Service Tort Claim Coordinator, Greater Indiana District Office in Indianapolis, Indiana.

On October 8, 2004, the Plaintiffs filed a lawsuit against United States Postal Service employee Joanne Cooper in the Porter Superior Court, County of Porter, Indiana.  In the Complaint, the Plaintiffs seek recovery for damages allegedly sustained in a motor vehicle accident between Brenda Wallace and Ms. Cooper while Ms. Cooper was delivering mail for the United States Postal Service on October 9, 2002.

On January 21, 2005, the Defendant removed the case to the United States District Court for the Northern District of Indiana, Hammond Division.  Pursuant to a Notice of Substitution filed by

1

the United States on January 24, 2005, the Court entered an Order on February 1, 2005, substituting the United States of America as the Defendant for Ms. Cooper.

On March 2, 2005, the Defendant filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction and a Memorandum in Support. On April 1, 2005, the Plaintiffs filed a Plaintiffs' Response to United States' Motion to Dismiss and a Memorandum in Support. On April 11, 2005, the Defendant filed a Reply.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

In the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Defendant argues that this action by the Plaintiffs is premature and inappropriate because the Plaintiffs failed to exhaust their administrative remedies prior to filing suit. In their Response, the Plaintiffs concede that the claim by Guy Wallace is premature and that the Court lacks subject matter jurisdiction over his claim. As to the claim by Brenda Wallace, the Plaintiffs argue that the motion to dismiss is moot because the six-month adjudication period on the Claim for Damage, Injury or Death filed on September 13, 2004, expired on March 13, 2005. The Plaintiffs also reason that, as a matter of judicial economy, neither Brenda Wallace nor the United States would be prejudiced by allowing this cause of action to proceed as to Brenda Wallace rather than requiring her to file a new Complaint duplicative of the issues already raised in her State Court Complaint and currently before this Court.

Under the Federal Tort Claims Act ("FTCA"), an injured party who was harmed by the negligence of a federal government employee is required to present an administrative claim to the appropriate federal agency in a sum certain amount, and that agency must be given an opportunity to act on that claim before the injured party is authorized to bring suit. *See* U.S.C. § 2675(a). Section 2675(a) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Once a proper administrative claim is presented to an agency, that agency has six months in which to make final disposition of the claim before the claimant has any right to institute an action which is premised upon the claim. *See* § 2675(a).

Although the Court of Appeals for the Seventh Circuit has held that the exhaustion of administrative remedies is a jurisdictional prerequisite under the FTCA, *see Sullivan v. United States,* 21 F.3d 198, 206 (7th Cir.1994) (citing cases); in more recent decisions, the Seventh Circuit has questioned whether exhaustion is indeed jurisdictional in nature, *see Palay*, 349 F.3d at 424 (citing *Frey v. EPA*, 270 F.3d 1129, 1135-36 (7th Cir. 2001) (exhaustion requirement); *Clark v. United States*, 326 F.3d 911, 913 (7th Cir. 2003) (per curiam) (section 2680(c)'s exception for tax-related claims)). In *Palay*, the Court suggested that, rather than being dealt with under Rule 12(b)(1), "the statutory prerequisites to suit and exceptions to governmental liability should instead be viewed as aspects of the plaintiff's statutory right to relief and, at the pleading stage, dealt with pursuant to Rule 12(b)(6)." *Id*. As in *Palay*, resolution of this distinction is unnecessary in this case

3

because the only issue at stake is the right of Guy Wallace and Brenda Wallace to proceed beyond the pleading stage of their claims. *See id*.

In this case, Guy Wallace has not filed an administrative complaint, and the Plaintiffs have conceded that the Court does not have jurisdiction over his claims. Accordingly, the Court dismisses the cause of action filed by Guy Wallace against the United States.

Brenda Wallace filed her administrative claim with the Postal Service on September 13, 2004, but then filed her cause of action in state court on October 9, 2004, which was prior to the expiration of the six-month adjudication period. The Plaintiffs explain that the cause of action was filed on October 9, 2004, against the individual postal employee, Ms. Cooper, in order to preserve the right of the Plaintiffs against Ms. Cooper and her insurance company under the applicable two-year statute of limitations in the event that the Post Office attempted to deny that Ms. Cooper was an employee or otherwise reject the claim of Brenda Wallace.

The issue in this case as to Brenda Wallace is whether Brenda Wallace may proceed with her cause of action beyond the pleadings stage because the six-month adjudication period has passed without action by the agency, which inaction is deemed a final denial of her claim for the purposes of § 2675. In *McNeil v. United States*, the Supreme Court addressed the identical question of whether an action against the United States for money damages "may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." 508 U.S. 106, 107 (1993).[1] In answering that

---

[1] In *McNeil*, the Plaintiff filed a Complaint in the Northern District of Illinois on March 6, 1989. *McNeil v. United States*, 508 U.S. 106, 110 (1993). On July 7, 1989, the Plaintiff submitted a claim for damages to the Department of Health and Human Services, which was denied on July 21, 1989. *Id*. On August 7, 1989, the Plaintiff sent a letter to the District Court enclosing a copy of the Department's denial of his administrative claim. *Id*.

The Court of Appeals for the Seventh Circuit affirmed the district court decision that the Plaintiff's Complaint was premature because it was filed prior to the final adjudication of his administrative claim. *Id*. In its decision, the Supreme Court recognized that decisions in other Circuits permitted a prematurely filed FTCA action to proceed if no substantial progress had taken place in the litigation before the administrative remedies are exhausted and that the Court

4

question, the Supreme Court held that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113. The Court reasoned: "The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id*. at 112. More specifically, the Court explained,

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id*.

In contrast with *McNeil*, which was filed in federal court, this cause of action was originally filed in state court and was removed by the Defendant. However, the fact that this cause of action was filed in state court does not alter the administrative exhaustion requirement because the requirements of § 2675(a) extend to all suits, including those commenced in state court: "[A]ny action . . . [removed from state court under the FTCA] shall proceed in the same manner as any action against the United States . . . and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, No. 04-0839-CV, 2005 WL 730079, *5 (2nd Cir. 2005).

The Plaintiffs cite *Chambly v. Lindy*, 601 F. Supp. 959, 962 (N.D. Ind. 1985), without argument, for the proposition that Brenda Wallace is eligible to proceed on her claim against the United States in federal court because the six-month adjudication period expired on March 13, 2005.

---

had granted certiorari to resolve the conflict. *Id*.

However, *Chambly* was decided prior to the Supreme Court's decision in *McNeil* and the passage of 28 U.S.C. § 2679(d)(4).

Although the Court recognizes that Brenda Wallace was attempting to preserve her cause of action by filing a complaint in state court on October 9, 2004, and that dismissal of this action will lead to the requirement that Brenda Wallace refile her case if she so chooses, the strong language set forth in *McNeil* mandates that Brenda Wallace's cause of action could not be *filed* until after the adjudication of her administrative claim with the Postal Service. Because Brenda Wallace filed her civil suit prior to the final denial of her administrative claim, the Court finds that Brenda Wallace did not exhaust her administrative remedies prior to filing suit and, therefore, cannot survive the Defendant's motion to dismiss.

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** the Defendant United States [sic] Motion To Dismiss for Lack of Subject Matter Jurisdiction [DE 9]. The Court **ORDERS** that this cause of action is **DISMISSED without prejudice** as to the claims of both Plaintiffs, Guy Wallace and Brenda Wallace.

All settings in this matter are **VACATED**.

SO ORDERED this 15th day of March, 2004.

      s/ Paul R. Cherry
      MAGISTRATE JUDGE PAUL R. CHERRY
      UNITED STATES DISTRICT COURT

cc:   All counsel of record